UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
KAREN L. RAUS,

                              Plaintiff,

          - against -

THE TOWN OF SOUTHAMPTON, NEW YORK, ITS BOARD OF TRUSTEES OF THE FREEHOLDERS AND COMMONALITY OF THE TOWN OF SOUTHAMPTON, ANNA THRONE-HOLST, Town Supervisor for THE TOWN OF SOUTHAMPTON, ITS BOARD OF TRUSTEES OF THE FREEHOLDERS AND COMMONALITY OF THE TOWN OF SOUTHAMPTON, SUNDY SCHERMEYER, Town Clerk for THE TOWN OF SOUTHAMPTON, ITS BOARD OF TRUSTEES OF THE FREEHOLDERS AND COMMONALITY OF THE TOWN OF SOUTHAMPTON, TIFFANY SCARLATO, as Town Attorney for THE TOWN OF SOUTHAMPTON, ITS BOARD OF TRUSTEES OF THE FREEHOLDERS AND COMMONALITY OF THE TOWN OF SOUTHAMPTON, KATHLEEN MURRAY as Deputy Town Attorney for THE TOWN OF SOUTHAMPTON, ITS BOARD OF TRUSTEES OF THE FREEHOLDERS AND COMMONALITY OF THE TOWN OF SOUTHAMPTON, DAVID BETTS, Chief Town Investigator for THE TOWN OF SOUTHAMPTON, ITS BOARD OF TRUSTEES OF THE FREEHOLDERS AND COMMONALITY OF THE TOWN OF SOUTHAMPTON, and J. BRIAN DWYER, Ordinance Inspector for THE TOWN OF SOUTHAMPTON, ITS BOARD OF TRUSTEES OF THE FREEHOLDERS AND COMMONALITY OF THE TOWN OF SOUTHAMPTON,

                              Defendants.
-------------------------------------------------------------------------X

Civil Action No.:

**JURY TRIAL DEMANDED**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 10 2013 ★

LONG ISLAND OFFICE

CV 13 7056

WEXLER, J.

TOMLINSON, M

## COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND DAMAGES

### Nature of the Action

1. Plaintiff seeks compensatory and punitive damages, and respectfully requests that this Court issue injunctive relief and a declaratory judgment against the Defendants for their violations of the United States Constitution. In support thereof, the Plaintiff complains as follows:

2. Plaintiff seeks preliminary and permanent injunctive relief enjoining the Town of Southampton, as well as its agents, servants and employees, and those acting in concert with and with actual notice thereof, from violating Plaintiff's rights to equal protection of the laws and due process of law guaranteed

by the Fourteenth Amendment to the United States Constitution. In addition, Plaintiff asserts that the Defendants' conduct herein violates the First Amendment of the United States Constitution (to speak her mind, disagree or seek redress from this ongoing course of conduct), and respectfully pleads that her own experience is representative of a great likelihood that the conduct complained of herein will be repeated not only against this Plaintiff, but to others similarly situated to the Plaintiff as well, and that the Court's equitable intervention herein is therefore fully warranted.

3. Plaintiff also prays for declaratory judgment to determine the constitutionality of the Defendants' conduct in engaging in selective, malicious and abusive "enforcement actions" without actual visual inspections of the Plaintiff's premises, and their application and enforcement of "laws" or "ordinances" not legitimately enacted through their own prescribed due process requirements of public notices and hearings prior to their "enactment." Further pleading, Plaintiff claims that an actual controversy exists between the parties involving substantial constitutional issues, in that the actions done by and/or under the authority and/or direction of the Town of Southampton and the other Defendants violates the United States Constitution, and that this kind of conduct is likely to be repeated over and over again, with few litigants ever having the resources required to make their way to this Court.

4. Plaintiff seeks nominal and compensatory damages, and requests that punitive damages be assessed, in addition to costs and a reasonable attorney's fee, but in no way is the Plaintiff seeking any kind of "duplicative" damages from this Court.

## Jurisdiction and Venue

5. This action arises under the First and Fourteenth Amendments, 42 U.S.C.§1981 et seq, of the United States Constitution, as well as pendent, state law tort claims.

6. Defendants reside in, work in their official capacity within, and/or are incorporated within the Eastern District of New York. Therefore, this Court has jurisdiction of this claim under and by virtue of 28 U.S.C. §§1331, 1343, and 2201-02. Claims arising under New York law, which are so fundamentally related as to form part of the same case and controversy, are also properly before this Court by virtue of the supplemental jurisdiction of this Court established by 28 U.S.C. §1367.

7. Venue is proper under 28 U.S.C. §1391(b). Each and all of the acts alleged herein were done by the Town of Southampton's application of its ordinances, resolutions, regulations, customs, policies, procedures, and laws of the State of New York or the Town of Southampton.

8. This Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, implemented through Rule 57 of the Federal Rules of Civil Procedure, and to issue the injunctive relief requested by the Plaintiff under Rule 65 of the Federal Rules of Civil Procedure.

9. This Court is authorized to grant Plaintiff's prayer for relief regarding combinations and conspiracies under 42 U.S.C. §1985.

10. This Court is authorized to grant Plaintiff's prayer for relief regarding costs, including a reasonable attorney's fee, under 42 U.S.C. §1988.

## Parties

11. Plaintiff, Karen L. Raus, at all relevant times herein is and has been a resident and domiciliary of the Town of Southampton, New York.

12. Defendant, Town of Southampton, New York (hereinafter "the Town"), whose Town Hall is located at 116 Hampton Road, Southampton, New York 11968, and is the governing body in Southampton, New York, was established in accordance with Article IX of the New York State Constitution, and was at all relevant times herein acting within the course and scope of its authority and under color of law. The Defendant is the employer and *respondeat superior* for all the other Defendants.

13. Defendant, Anna Throne-Holst, is the Town Supervisor for the Town of Southampton and the leading representative of the Town of Southampton and/or its Board of Trustee's presiding thereover.

14. Defendant, Sundy Schermeyer, is the Town Clerk for the Town of Southampton.

15. Defendant, Tiffany Scarlato, is the Town Attorney and Chief Prosecutor for the Town of Southampton.

16. Defendant, Kathleen Murray, is the Deputy Town Attorney, prosecutor and scrivener of legislation, for the Town of Southampton.

17. Defendant, David Betts, is the Chief Town Investigator for the Town of Southampton and the public official notarizing the enforcement actions sworn to by J. Brian Dwyer.

18. Defendant, J. Brian Dwyer, is an Ordinance Inspector for the Town of Southampton who swore-out enforcement actions against the Plaintiff on September 24, 2012.

## Statement of Facts

19. Plaintiff has since 1995 been the owner and tenant-in-possession of certain premises known as 6 Baywood Drive, Southampton, New York 11968, located in the Hamlet of North Sea in Southampton and bearing property Suffolk County Tax Map No.: 0900-32-2-25. Certificates of Occupancy were issued for the premises and its appurtenances in 1995.

20. Plaintiff alleges that the Defendants' enforcement actions are always couched by the enforcement authorities in the pretextual terms of a legitimate exercise of the police power of the State.

21. Plaintiff alleges that it is obvious to any objective observer (as further evidenced by the public's commentary surrounding the various newspaper and blog reports) that the real purpose of Defendants' conduct is the malicious and uneven-handed enforcement of our ordinances to drive certain classes of people out of the community.

22. That beginning in 2008 various code enforcement officials from the Town began accusing the Plaintiff of having various violations of the Code of the Town of Southampton on her property. On or about October 7, 2009 a code enforcement official from the Town instituted a cause of action against the Plaintiff for having an alleged illegal "accessory apartment" under Southampton Town Code § 330-11.1 without ever conducting an inspection of her home. Thereafter, in 2012 the Plaintiff's alleged tenant entered into a pattern of offering fabricated 'testimony' or 'information' allegedly about this Plaintiff and her household.

23. That the Plaintiff was then allegedly observed and her home "inspected" by the Defendant J. Brian Dwyer on September 11, 2012, with his accusatory instruments subsequently sworn-to before Defendant David Betts on September 24, 2012, resulting in "Appearance Ticket #1855" being issued to the Plaintiff for a barrage of town code violations, to wit:

    a) Town Code §330-177A - Change of Use;

    b) Town Code §270-3A - Rental Permit Required;

    c) Town Code §261-1B(4) - Property Maintenance/Litter;

    d) Town Code §211-2A - Littering on Public or Private Property;

    e) Town Code Violation FC315.2 - Storage in Buildings;

    f) Town Code Violation FC315.2 - Storage in Buildings (second charge under this code);

    g) Town Code §164-9B - Smoke Detectors Required; and

    h) Town Code §123-1 - Carbon Monoxide Alarms Required.

24. Plaintiff further pleads that it is normal practice for individuals coming under the various charges filed by the Defendants to simply plead-out or otherwise settle any such matters within the Town's Justice Court system, wherein virtually all matters are settled for a monetary sum to the Town, and thus prevents members of the public from filing malicious prosecution charges against the Defendants.

25. That the Plaintiff herein, as owner and occupant (and taxpayer) of the 3-bedroom home, thereafter served her state law-based Notices of Claim against the Town and its officials on December 11, 2012, as the aforementioned citations were issued without any inspection of her premises actually taking place.

26. Plaintiff complains that not only have her fundamental rights been violated by the Defendants, but that the charges against her were manufactured and unwitnessed by the Defendants to gain an unfair advantage against her in any possible proceedings before the Town's authorities in the matter, and that her Fourteenth Amendment concerns brought before this Court as regards the operation of the Town of

Southampton are fully warranted.

27. Plaintiff respectfully pleads that the Town has neither enacted these laws, ordinances ("codes") and/or resolutions through its own lawful, due-process means, nor has it enforced or applied these statutes in an even-handed and dispassionate manner for their facially-legitimate purposes, nor applied and enforced these enactments in a constitutional manner, but has rather allowed itself to be lobbied by special-interest groups and others of power and privilege to engage in courses of conduct which flagrantly violate fundamental rights within this community. Plaintiff respectfully asserts that the fact that citations are issued in the absence of any actual inspection by the enforcement officer presents a situation that 'speaks for itself.'

28. That it is now clearly understood by the conduct of these Defendants that what has been unconstitutionally and impermissibly "outlawed" by the Town of Southampton is Plaintiff's "status" as a citizen of limited means, and that persons of her status are to be driven from the Town, without even a visual inspection of the premises to form the basis for the exercise of any such power.

29. Plaintiff respectfully asserts that the Defendants have knowingly combined and conspired to violate her most fundamental rights as a citizen under the First and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. §1985, and that her history of compelled appearances in the Town's Justice Court through 'Appearance Tickets,' with court-ordered inspections of her premises pursuant to the Court's dispositions of those cases, has resulted in her now refusing any warrantless admissions into her home by any such "ordinance inspectors" or Town officials, who themselves routinely ignore and "turn a blind eye" to code violations by members of other groups, even when those violations are in plain view.

30. Plaintiff specifically pleads that enforcement action has been taken against her where the alleged violation was never in fact seen or known by the complainant/affiant, and where the purpose of citing her for a violation was to abuse and harass the Plaintiff.

31. Each and all of the acts of the Defendants against this Plaintiff herein were committed by the Defendants, their agents, employees and servants, under the color and pretense of the laws, statutes, ordinances, regulations, policies, customs and/or practices of the State of New York, the Town and/or the Trustees, and under the authority of their respective offices as agents, employees and/or servants of the State of New York, the Town and/or the Trustees.

32. That the Plaintiff has suffered irreparable harm from the Defendants' conduct herein.

## FOR A FIRST COUNT
(Violation of Plaintiff's Right to Free Speech and Association)

33. Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs.

34. The First Amendment of the United States Constitution, in conjunction with the Fourteenth Amendment, prohibits the Defendants from abridging or curtailing Plaintiff's rights to freedom of speech and to freely associate with others in the community.

35. That there is no compelling governmental interest sufficient to justify contrived "code enforcement actions" against this Plaintiff, especially when such "violations" are being issued and/or enforced in the absence of any actual visual inspections by the affiant on which they can possibly be based.

36. That the ordinances and/or resolutions of the Town, as construed and applied by the Defendants herein, are unreasonable and unjustifiable under these circumstances, with unconscionable results, and unreasonably restricts constitutionally protected rights of free speech and association, at least in the Plaintiff's own home.

37. That the conduct of the Defendants unconstitutionally chills and abridges the Plaintiff's rights as guaranteed by the First and Fourteenth Amendments, and Plaintiff has no adequate remedy at law to correct the continuing deprivation of her most cherished constitutional liberties.

38. As a direct and proximate result of the Defendants' continuing violation of the Plaintiff's rights, and the discriminatory application of the Town's enforcement efforts to allow certain groups within the Town to enjoy privileges that have been denied to this Plaintiff, Plaintiff has suffered in the past and will continue to suffer in the future direct and consequential damages, including but not limited to the loss of the ability to exercise her constitutionally guaranteed rights.

39. That due to the continuing nature of the Town's unconstitutional actions, Plaintiff has been irreparably harmed.

WHEREFORE, the Plaintiff respectfully prays that the Court grant the relief set forth herein.

### For a Second Count
### (Violation of Plaintiff's Right to Equal Protection of the Laws)

40. Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs.

41. The laws, ordinances and/or resolutions at issue, as construed and applied by the Defendants, are an unconstitutional abridgement of the Plaintiff's right to equal protection of the laws under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

42. The laws, ordinances and/or resolutions at issue, as construed and applied by the Defendants, are not supported by a legitimate compelling governmental interest sufficient to justify their enactment, and are

not the least restrictive means to accomplish the legitimate and permissible government purpose sought to be served by the action.

43. That the laws, ordinances and/or resolutions at issue, as construed and applied by the Defendants, are an unconstitutional abridgement of Plaintiff's right to equal protection of the laws because the Defendants are permitted to treat the Plaintiff differently from others similarly situated.

44. Plaintiff has no adequate remedy at law to correct the continuing deprivations of the Plaintiff's most cherished constitutional liberties.

45. As a direct and proximate result of the Defendants' continuing violation of the Plaintiff's rights, Plaintiff has suffered in the past and will continue to suffer in the future direct and consequential damages, including but not limited to the loss of the ability to exercise her constitutionally guaranteed rights.

WHEREFORE, the Plaintiff respectfully prays that the Court grant the relief set forth herein.

### For a Third Count
### (Violation of Plaintiff's Due Process Rights)

46. Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs.

47. The laws, ordinances and/or resolutions at issue, as construed and applied by the Defendants, violate Plaintiff's right to Due Process as guaranteed by the Fourteenth Amendment to the United States Constitution.

48. The laws, ordinances and/or resolutions at issue, as construed and applied by the Defendants, impose irrational and unjustifiable restrictions upon the Plaintiff, and are not the least restrictive means to accomplish any legitimate and permissible government purpose sought to be served by the actions.

49. That the Defendants' actions and application of their laws, ordinances and/or resolutions are an unconstitutional abridgement of the Plaintiff's due process rights because men of common intelligence must necessarily guess at their meaning and differ as to their application, and impose irrational and unjustifiable burdens and restrictions upon the Plaintiff and her rights.

50. The Defendants, in violation of the Due Process Clause, have caused and will continue to cause Plaintiff to suffer undue and actual hardship and irreparable injury.

51. As a direct and proximate result of the Defendants' continuing violation of the Plaintiff's rights, Plaintiff has suffered in the past and will continue to suffer in the future direct and consequential damages, including but not limited to her loss of the ability to exercise her constitutionally guaranteed rights.

WHEREFORE, the Plaintiff respectfully prays that the Court grant the relief set forth herein.

## For a Fourth Count
### (Malicious Abuse of Process under 42 U.S.C. §1983)

52. Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs.

53. Defendants, intending to do harm without legitimate excuse or justification, have employed regularly issued legal process to compel performance or forbearance of some act in order to obtain a collateral objective that is outside the legitimate ends of the process.

54. As a result, the Plaintiff has suffered damages, and continues to suffer damage, in an amount to be determined at trial.

55. Plaintiff is further entitled to an award of punitive damages against the individual Defendants by reason of either or both: (i) the individual Defendants' special animus towards the Plaintiff, or (ii) their wanton, reckless, callous and willful disregard for and indifference to Plaintiff's constitutional rights.

WHEREFORE, the Plaintiff respectfully prays that the Court grant the relief set forth herein.

## For a Fifth Count
### (42 U.S.C. §1985(2) based on Conspiracy)

56. Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs.

57. That the Defendants' actions were the result of a conspiracy to cover-up the initial actions of the Defendants and the Code Enforcement division of the Town of Southampton dating back to events and policies originally begun by at least 2008 (as a means of "controlling" the growing Latino population in the area), were for purposes of preventing the Plaintiff from exercising her property rights, and were deigned to intimidate the Plaintiff from ever thinking of filing civil, criminal or professional disciplinary charges against any of the Defendants.

58. As a result, the Plaintiff has suffered damages, and continues to suffer damage, in an amount to be determined at trial.

59. Plaintiff is further entitled to an award of punitive damages against the individual Defendants by reason of either or both: (i) the individual Defendants' special animus towards the Plaintiff, or (ii) their wanton, reckless, callous and willful disregard for and indifference to Plaintiff's constitutional rights.

WHEREFORE, the Plaintiff respectfully prays that the Court grant the relief set forth herein.

## STATE LAW CLAIMS

60. On December 11, 2012, which was within ninety (90) days of the termination of the prosecution of the Plaintiff for "code violations," Plaintiff caused a Notice of Claim to be served upon the Town and various named Defendants herein. In addition, Plaintiff caused to be filed an original Notice of Claim in the Town of Southampton Clerk's Office on December 11, 2012.

61. More than thirty (30) days have elapsed since service of the Notices of Claim were served upon the various Defendants, and each have neglected or refused to make any adjustment or payment thereof.

WHEREFORE, the Plaintiff respectfully prays that the Court grant the relief set forth herein.

### For a Sixth Count
### (Abuse of Process under New York Law)

62. Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs.

63. As set forth above, Defendants employed regularly issued legal process to compel performance or forbearance of some act with intent to do harm without legitimate excuse or justification in order to obtain a collateral objective that is outside the legitimate ends of the process.

64. By reason of the foregoing, Defendants have abused legal process, to Plaintiff's injury, in violation of New York law.

65. As a result, the Plaintiff has suffered damages, and continues to suffer damage, in an amount to be determined at trial.

66. Plaintiff is further entitled to an award of punitive damages against the individual Defendants by reason of either or both: (i) the individual Defendants' special animus towards the Plaintiff, or (ii) their wanton, reckless, callous and willful disregard for and indifference to Plaintiff's rights.

WHEREFORE, the Plaintiff respectfully prays that the Court grant the relief set forth herein.

### For a Seventh Count
### (Emotional Distress under New York Law)

67. Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs.

68. That the Defendants used their authority and representative capacities as Town officials to intimidate, scare, and upset the Plaintiff.

69. That the Defendants' conduct was outrageous and intended to place the Plaintiff in fright, fear and emotional distress.

70. That the Defendants' conduct was outrageous and intended to intimidate the Plaintiff from asserting her constitutional rights.

71. That the Defendants said conduct was outrageous, beyond the pale of any conduct acceptable to a civilized society, and caused the Plaintiff emotional distress.

72. As a result, the Plaintiff has suffered damages, and continues to suffer damage, in an amount to be determined at trial.

73. Plaintiff is further entitled to an award of punitive damages against the individual Defendants by reason of either or both: (i) the individual Defendants' special animus towards the Plaintiff, or (ii) their wanton, reckless, callous and willful disregard for and indifference towards the Plaintiff's rights.

WHEREFORE, the Plaintiff respectfully prays that the Court grant the relief set forth herein.

### Demand For Relief

WHEREFORE, THE PLAINTIFF PRAYS for judgment as follows:

A. That this Court issue Preliminary and Permanent Injunctions, enjoining the Defendants' application of their laws, ordinances and/or resolutions, and enjoining the Defendants, the Town's officers, agents, employees and all other persons acting in active concert with them, from enforcing any such unlawful laws, ordinances and/or resolutions as enacted or applied by the Defendants against the Plaintiff herein;

B. That this Court render a Declaratory Judgment declaring the Defendants' application of their laws, ordinances and/or resolutions at issue unconstitutional under the United States Constitution and declaring that the Defendants, their officers, agents, employees and other persons acting in active concert with them, have unlawfully obstructed the Plaintiff from exercising her constitutionally-protected rights;

C. That this Court award Plaintiff the reasonable costs and expenses of this action, including reasonable attorney's fees, in accordance with 42 U.S.C. §1988.

D. That this Court award Plaintiff such damages (nominal, compensatory and/or punitive), as are just and appropriate following trial of this matter, including but not limited to any costs incurred (in excess of $120) arising out of Plaintiff's fear that her constitutional rights would again be violated; and

E. That this Court grant such other and further relief as this Court deems equitable and just under the circumstances.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: Bellport, New York
December 6, 2013

Respectfully submitted,

HAROLD A. STEUERWALD, LLC.
Attorney for Plaintiff
BY: Harold A. Steuerwald, Esq.
112 South Country Road, Suite 116
Bellport, New York 11713
(631) 286-0800

# VERIFICATION

STATE OF FLORIDA       )
                       ) ss.:
COUNTY OF PINELLAS     )

I, Karen L. Raus, being duly sworn deposes and says that:

I am the Plaintiff in the above-entitled action. I have read the Complaint in that action alleging constitutional violations, and I know the contents thereof. The contents are true to my knowledge, except as to matters therein that are alleged on information and belief and as to those matters I believe them to be true.

_____
KAREN L. RAUS

Sworn to before me this
10th day of December, 2013.

_____
Notary Public

MOLLY C. JEFFERS
Notary Public, State of Florida
Commission # EE 872113
My comm. expires Feb. 06, 2017

State of Florida, County of Pinellas
The foregoing instrument was acknowledged before me on this 10th day of December, 20 13, by Karen Raus
Type of ID Florida Drivers license
X _____